## Rose *v.* Nees et al.

REAL ESTATE.—*Action to Quiet Title.—Complaint.*—In an action to quiet the title to real estate, a complaint which shows, *prima facie*, that the plaintiff is entitled to immediate possession of real estate of which the defendant is unlawfully in possession, is sufficient on demurrer.

SAME.—*Statement of Title.*—It is proper to allege in the complaint the real title of the parties, so far as the same is known to the plaintiff.

From the Vigo Circuit Court.

*A. T. Rose* and *J. J. Stephenson*, for appellant.

PERKINS, J.—The following complaint was filed as a cause of action:

"Allen T. Rose, plaintiff, complains of the defendants,

and says, that, on the 17th day of December, 1867, one Jacob Nees was the owner of the north-west quarter of the north-east quarter, and north half of the south-west quarter of the north-east quarter, of section twenty-six (26), town twelve (12), range five (5) west; that, at that time, the said Jacob was the husband of Nancy and father of the other defendants, and on that day he and his said wife sold and conveyed to one George W. Watts the said land for the sum of $700, the grantors reserving the possession of said land for life, by keeping the said farm in as good repair as it was at that time. A copy of the said deed is filed herewith and made part hereof.

"That said Watts paid said consideration money to said Jacob, as follows: About $300 was paid to parties who held liens on said lands, and the balance to the children of said Jacob, by his request.

"That said Jacob died in 1869, and said Nancy retained possession of said land until the Fall of 1870.

"That, after said purchase and conveyance and death of the said Jacob, said Nancy failed to keep the same in as good repair as when said conveyance was executed, but suffered the house and stables, barn and other buildings to fall into decay, and the fence to rot down, and burned up the rails and pickets of the fences, and suffered the grounds to grow up with underbrush, and to become unfit for cultivation, so that the same was thereby lessened in value to the amount of $250.

"That said Nancy having failed to keep the same in repair as aforesaid, the said Watts entered said premises and demanded possession thereof from said Nancy, for the reason that she had failed to keep said farm in repair as aforesaid; that said Nancy refused to surrender the possession, but, by agreement, referred the question to the arbitrament of Michael Baumunk and John Bowman, who, after considering the matter, decided that she should surrender the possession to said Watts, and he was to al-

low her to take the crop of wheat, and give her $25 per year while she lived.

"That, pursuant thereto, she surrendered said property to said Watts, who faithfully complied with his part of the award.

"He further says, that afterward said Watts sold and conveyed to him said real estate for the sum of $2,100, which he paid at the time; that he was a purchaser in good faith, believing said Watts had the sole title thereto, and that he had no notice or knowledge of any claim of defendants until said sale, conveyance and payment were all fully consummated.

"He further states, that, since that time, said Nancy has taken possession of said land, and the other defendants, her children, are wrongfully claiming title thereto, on the pretended grounds that said Jacob was not of sound mind when the said deed to Watts was executed, which clouds plaintiff's title. Wherefore he prays, that his title thereto be quieted, and for possession of the premises, and damages to the amount of $200 for detention, and for general relief.

"ROSE & MACK, for Pl'ff."

Copy of deed:

"Jacob Nees and Nancy Nees, his wife, of Owen county, in the State of Indiana, of the one part, and George William Watts, of the same county and State, of the other part, witnesseth: That the said Jacob Nees and Nancy Nees convey and warrant to George W. Watts, in consideration of one thousand dollars to them paid by the said George William Watts, have bargained and sold the following real estate in Owen county and State of Indiana, to wit: The north-west quarter of the north-east quarter, and the north half of the south-west quarter of the north-east quarter, of section number twenty-six, in township number twelve north, of range number five west, containing together sixty acres, more or less. In witness whereof the said Jacob Nees and Nancy Nees,

his wife, have hereunto set their hands and seals, this 17th day of December, 1867; and it is also agreed, that the said Jacob Nees and Nancy Nees, his wife, is to have and hold to the possession and control of said land, and to use it as their own, by keeping it in as good repair as it now is, during their natural lives.

[STAMP.]

"JACOB $\overset{his}{+}$ NEES,
mark.

"NANCY $\overset{her}{+}$ NEES."
mark.

The deed was duly acknowledged and recorded.

A demurrer was sustained to the complaint.

No brief appears for the appellees, and none citing an authority for the appellant.

We think the complaint shows, *prima facie*, that the appellant was entitled to immediate possession of the land, that Nancy Nees was wrongfully in possession (see 2 R. S. 1876, p. 250, sec. 592), and that a case was made against all the defendants, under sec. 611, p. 254, 2 R. S. 1876, which reads as follows:

"An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interest in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title."

It was proper that the statement of the title of the different parties, so far as known, should be made in the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer.